THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD L. POPE, JR.,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF BELLEVUE, *et al.*,<br><br>     Defendants. | CASE NO. C16-0615-JCC<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS |

This matter comes before the Court on Defendants' motion for judgment on the pleadings (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.  BACKGROUND

This case arises out of Plaintiff's arrest for domestic violence. (Dkt. No. 1-1 at 2.) On the morning of March 20, 2013, Plaintiff called 911 to report that his live-in girlfriend, Lana Wilkinson—who was also his daughter's former caretaker—was interfering with the custody and control of his daughter, K.P. (*Id.*; Dkt. No. 14 at 2.) Officers Robertson, Collins, and McDade of the Bellevue Police Department responded, but did not take any action. (Dkt. No. 1-1 at 2.) Later that day, Officers Collins, McDade, Steppe, and Auclair responded to a 911 call reporting that Plaintiff "physically removed" Ms. Wilkinson from his car and "physically prevented her from

1    re-entering" it. (*Id.*) The police officers arrested Plaintiff and left K.P., a 10-year-old with autism,

2    in the care of Ms. Wilkinson. (*Id.* at 3.) Plaintiff filed suit. (Dkt. No. 1-1.)

3           Defendants' initial motion for judgment on the pleadings was granted and Plaintiff's

4    claims for negligence, negligent supervision, tortious interference, unconstitutional taking,

5    inverse condemnation, discrimination, and civil rights violations against the City of Bellevue

6    were dismissed with prejudice. (Dkt. No. 21 at 7.) The Court dismissed Plaintiff's civil rights

7    claim against individual officers without prejudice and granted leave to amend the complaint.

8    (*Id.*) Plaintiff's amended complaint is now before the Court on Defendants' motion to dismiss for

9    failure to state a claim. (Dkt. No. 25 at 1.)

10   **II.   DISCUSSION**

11          Plaintiff's amended complaint primarily restates claims that the Court previously

12   dismissed with prejudice. (Dkt. No. 23 at 9–14.) Although Plaintiff acknowledges that causes of

13   action one, four, five, six, eight, and nine were dismissed, he incorrectly interprets the Court's

14   order granting leave to amend as giving him carte blanche to add new causes of action to the

15   complaint. (Dkt No. 32 at 7; Dkt. No. 23 at 16.) The Court granted Plaintiff leave to amend his

16   § 1983 claim against the officers, nothing more. (Dkt. No. 21 at 7.) Therefore, the Court will not

17   address causes of action two, three, and seven in addition to those listed above.

18          **A.      Plaintiff's Motion to Strike**

19          Plaintiff moves to strike Docket No. 25, page 2, lines 1–6. (Dkt. No. 32 at 7.) However,

20   the content Plaintiff wishes to strike was not considered by the Court in deciding the motion to

21   dismiss. The Court DENIES Plaintiff's motion to strike (Dkt. No. 32 at 7).

22          **B.      Rule 12(b)(6) Standard**

23          A complaint must contain a "short and plain statement of the claim showing the pleader

24   is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move for dismissal when a

25   plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a

26   12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS

construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). "[C]onclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez,* 487 F.3d at 1249 (internal quotations omitted). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted).

### C.     Plaintiff's § 1983 Claim

Plaintiff alleges a civil rights claim against the individual officers for violations of his Fourth and Fourteenth Amendment rights. (Dkt. No. 23 at 14–16.) Specifically, Plaintiff alleges violations of his Fourth Amendment right against unreasonable seizure and Fourteenth Amendment right to (1) manage the care, custody, and control of his child, (2) due process, and (3) equal protection. (*Id.*)

The Fourth Amendment prohibits unreasonable searches and seizures. In his initial complaint, Plaintiff alleged the officers violated his Fourth Amendment right against an unreasonable search based on his assertion that his arrest was unreasonable. (Dkt. No. 1-1 at 4.) In his amended complaint, Plaintiff alleges that the officers placed K.P. in the custody of Ms. Wilkinson which constituted an unreasonable seizure. (Dkt. No. 23 at 16.) However, Plaintiff was granted leave to amend his original complaint, not to add new claims. Therefore, the Court

1   will not consider Plaintiff's new Fourth Amendment claim. Regardless, Plaintiff does not allege

2   any specific facts nor does he cite any case law to support his conclusion that the officers'

3   actions constituted an unreasonable search or seizure. Plaintiff's amended complaint has merely

4   traded one unsupported Fourth Amendment claim for another.

5        The Fourteenth Amendment protects a parent's qualified right to manage the care,

6   custody, and control of his or her children. *Mueller v. Auker*, 700 F.3d 1180, 1186 (9th Cir.

7   2012). The Fourteenth Amendment also guarantees due process of law. Plaintiff alleges that the

8

9   officers:

10       (1) in responding to the first 911 call, failed to remove K.P. from the custody of Ms.

11           Wilkinson and return K.P. to the custody of Plaintiff (Dkt. No. 23 at 14);

12       (2) in responding to the second 911 call, "placed" K.P. in the custody of Ms. Wilkinson

13           in violation of both his right to manage the custody of his child and his due process

14           rights (*Id.*);

15       (3) did not follow the procedures outlined in Revised Code of Washington sections

16           13.32A.060 and 26.44.050, and Chapter 13.34. (*Id.*); and

17

18       (4)  were required to place K.P. in the custody of a person of Plaintiff's choosing or, if

19           officers believed that K.P.'s safety would have been in danger by doing so, they

20           should have placed her with the Department of Social and Health Services. (*Id.* at 15.)

21   However, Plaintiff's amended complaint suffers from the same deficiency as the original

22   complaint. Namely, Plaintiff has not alleged any facts demonstrating that after he was arrested,

23   the officers did anything but leave K.P. in the care of an adult member of the household. There

24   are no allegations that the officers ever took custody of K.P. or transferred her anywhere. (Dkt.

25   No. 23 at 15.)

26

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS

Plaintiff also makes an equal protection argument under the Fourteenth Amendment, alleging that officers failed to enforce state and federal laws on account of Plaintiff's gender (male) and K.P.'s disability (autism). (*Id.*) He claims that the officers' response to the situation would have been different were it not for his gender and his daughter's disability. (*Id.*) Notwithstanding the fact that this is a new claim, Plaintiff has not alleged any facts to support this.

Plaintiff's § 1983 claim against the police officers is inadequately pleaded. Plaintiff makes only conclusory statements, with no support for any Fourth or Fourteenth Amendment violations. Plaintiff's § 1983 claim is DISMISSED WITH PREJUDICE.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (Dkt. No. 25) is GRANTED. All of Plaintiff's claims have now been dismissed with prejudice. The Clerk is respectfully DIRECTED to close the case.

DATED this 7th day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE